FIRST NAT. BANK OF WILMINGTON *v.* HERBERT, State Treasurer.

*(Circuit Court, D. Delaware.*    October, 1890.)

NATIONAL BANKS—TAXATION OF STOCK.
> Under Rev. St. U. S. § 5219, providing that shares of national bank stock may be taxed as part of the personalty of the owner, and that each state may tax them in its own manner, except that the taxation shall not be at a greater rate than is imposed on other moneyed capital owned by citizens of the state, a state may tax national bank shares held by its corporate or individual citizens as an investment, subject to the restriction that the tax shall not exceed the burden upon similar property in the state.

In Equity.
*Levi C. Bird, Andrew E. Sanborn,* and *John Beggs,* for complainant.
*Benjamin Nields,* for defendant.

McKENNAN, J.    This suit is brought to relieve the complainant from the levy and collection of a tax imposed by the state of Delaware upon certain of its shares as a national bank, incorporated under the laws of the United States, and held by corporate or individual citizens of the state.    This question is to be resolved by the true meaning and construction of the act of congress defining and limiting the power of the states in taxing national bank shares.    The only portion of the act of congress to which it is necessary to refer at length is section 5219 of the Revised Statutes, which is as follows:

"Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking as-

sociations located within the state, subject only to the two restrictions,—that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed."

The only property in the state of Delaware which is the subject of taxation is real estate, live-stock, and national bank shares; and the object of this section of the act of congress, as was said by Mr. Justice MILLER in *People* v. *Weaver*, 100 U. S. 539, was to confer upon the states a power which they would not otherwise have had, and limiting its exercise so as to prevent a discrimination against national bank shares as compared with other moneyed capital. "In permitting the states to tax these shares,—that is, the shares of national banks,—it was foreseen that the authorities might be disposed to tax the capital invested in these banks oppressively." So therefore in *Mercantile Nat. Bank* v. *City of New York*, 121 U. S. 155, 7 Sup. Ct. Rep. 826, where the construction and meaning of the act of congress came before the supreme court, and it was necessary to interpret it as it related to the taxation of national bank shares, the court says:

" A tax upon the money of individuals invested in the form of shares of stock in national banks would diminish their value as an investment, and drive the capital so invested from this employment, if, at the same time, similar investments and similar employments under the authority of state laws were exempt from an equal burden."

The main purpose of congress, therefore, in fixing limits to state taxation on investments in the shares of national banks, was to render it impossible for the state, in levying such a tax, to create and foster an unequal and unfriendly competition, by favoring institutions or individuals carrying on a similar business and operations and investments of a like character. The language of the act of congress is to be read in the light of this policy. Applying this rule of construction, we are led, in the first place, to consider the meaning of the words "other moneyed capital," as used in the statute. Of course it includes shares in national banks; the use of the word "other" requires that. If bank shares were not moneyed capital, the word "other" would be without significance. This case may then be regarded as impressing a determinate import upon the words of the act of congress. By this judicial definition of them, "moneyed capital" means national bank shares held by individuals as an investment, and the tax complained of is subject to the restricted power of the state to impose a tax upon it, not exceeding the burden upon similar property in the state. It is undeniable that national bank shares are subject only to a tax of one-fourth of 1 per cent., which is the same rate imposed upon each share of the cash value of the shares of the capital stock of every banking institution incorporated by or organized under the laws of the state of Delaware. It follows, therefore, that the complainant is not entitled to the relief prayed for, and its bill is dismissed, with costs; and it is so ordered.